# JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEPHENIE BRIEST,<br><br>       Plaintiff,<br><br>   v.<br><br>KNOT STANDARD LLC, *et al.*,<br><br>       Defendants. | Case No.: CV 20-02519-CJC(PVCx)<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 13] AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE [Dkt. 15]** |

## I. INTRODUCTION & BACKGROUND

On September 18, 2019, Plaintiff Stephanie Briest brought this employment discrimination action against Defendants Knot Standard, Knot Standard Los Angeles, Knot Standard LLC, Alicynne Sher, and Liz Wendler in Los Angeles County Superior Court. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiff alleges that she was constructively terminated from Knot Standard and discriminated against on account of her age and Belgian ancestry. (*See generally id.*) According to the Complaint, after

Plaintiff complained to her superiors about Knot Standard's policy of withholding full lunch and rest breaks from its employees, the supervisors began retaliating against her. (*Id.* ¶ 6.)  Plaintiff alleges that they began demeaning her because of her French accent and overly scrutinizing her work.  (*Id.*)  This alleged mistreatment led to Plaintiff being constructively terminated in May 2019 after she was "unable to sustain the harassment and retaliation."  (*Id.*)  Based on these allegations, she asserts thirteen state law claims against Defendants.

This is the second time Defendants have removed this action to federal court. Defendants initially removed on November 8, 2019.  *See Briest v. Knot Standard LLC, et al.*, Case No. 19-cv-09630 (C.D. Cal.) (hereinafter "*Briest I*").  Soon thereafter, Judge Otis D. Wright II granted Plaintiff's motion remand, concluding that Defendants had not established diversity jurisdiction by a preponderance of evidence.  (*See Briest I*, Dkt. 20.) Specifically, Judge Wright II found that Defendants had failed to meet their burden of showing that amount in controversy exceeded $75,000 because they did not introduce any "summary-judgment-type evidence" related to Plaintiff's lost wages, emotional distress damages, punitive damages, or attorneys' fees.  (*Id.* [quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018)].)

The day after Judge Wright II remanded the case, counsel for Defendants emailed Plaintiff's counsel asking for a settlement demand so that the parties could explore potential mediation.  (Dkt. 18-2 [Declaration of Amanda Semaan, hereinafter "Semaan Decl."] Ex. D.)  On March 10, 2020, Plaintiff's counsel responded, "Plaintiff's demand is $995,000."  (*Id.*)  Based solely on this exchange, Defendants removed the case for a second time, contending that the March 10 email conclusively established that the amount in controversy exceeds $75,000.  (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)

Now before the Court are Plaintiff's motion to remand, (Dkt. 13), and Plaintiff's motion to strike portions of a declaration filed alongside Defendants' notice of removal, (Dkt. 15).  Because the Court finds that Defendants have once again failed to establish that the amount in controversy exceeds $75,000, Plaintiff's motion to remand is **GRANTED** and her motion to strike is **DENIED AS MOOT.**[1]

## II.  LEGAL STANDARD

A civil action brought in state court may be removed by the defendant to a federal district court if the action could have been brought there originally.  28 U.S.C. § 1441(a).  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined."  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Accordingly, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

Federal courts have diversity jurisdiction where there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The amount in controversy is the total "amount at stake in the underlying litigation."  *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  When a motion to remand challenges the amount in controversy, the removing defendant bears the burden of proving that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence. *See Fritsch*, 899 F.3d at 795.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for June 1, 2020 at 1:30 p.m. is hereby vacated and off calendar.

**III.  DISCUSSION**

The issue posed in the instant motion to remand is a narrow one: whether the settlement demand that Plaintiff's counsel sent on March 10 establishes that the amount in controversy exceeds $75,000.  Because the Court answers this question in the negative, this action must be remanded to state court once again.[2]

As an initial matter, the Court is unpersuaded by Plaintiff's argument that her motion to remand should be granted out of hand because this is Defendants' second time removing the case.  Contrary to Plaintiff's argument, successive removals are not categorically prohibited.  After a case is remanded, defendants are barred from removing for a second time based on the same facts, but successive removals are permissible "when subsequent pleadings or events reveal a *new* and *different* ground for removal."  *See Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (emphases in original). Thus, courts often entertain successive removals if a defendant receives new information related to the amount in controversy after remand.  *See, e.g.*, *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005) ("[I]f a district court remands a case to state court because the defendant failed to prove the jurisdictional amount, but the plaintiff after remand discloses that the amount in controversy is greater than the statutory amount in controversy, the defendant may file a second notice of removal.").  Because Defendants received new information related to the amount in controversy following Judge Wright II's remand order, they were permitted to remove once again based on that information.

That said, the Court finds Defendants' new evidence—a four-word email from Plaintiff's counsel—insufficient to establish the amount in controversy.  A settlement demand like the one at issue here can be relevant evidence of the amount in controversy,

---

[2] Because Defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court does not reach the issue of complete diversity.

but only if "it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Thus, "a plaintiff's damage estimate will not establish the amount in controversy . . . if it appears to be only a bold optimistic prediction" or "provides no information that indicates it is a realistic assessment of damages." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1069–70 (C.D. Cal. 2014) (internal quotation omitted). Furthermore, "where a plaintiff takes steps to disavow a damages estimate, the estimate, standing alone, is insufficient to show that the requisite amount is at issue." *Id.* at 1071.

In this case, there is no indication that Plaintiff's March 10 settlement demand constitutes a reasonable estimate of Plaintiff's damages. The demand came in the form of a four-word email devoid of any supporting analysis or calculations of how Plaintiff's counsel came to the figure. *See Aparicio v. Abercrombie & Fitch Stores Inc.*, 2014 WL 545795, at *6 (C.D. Cal. Feb. 10, 2014) ("[Counsel's] November 13 email does not explain how she arrived at a damages estimate . . . therefore, the court cannot find that the settlement demand reflected a 'reasonable estimate' of class damages."). Plaintiff's counsel admits that he sent the demand "without considering the facts of Plaintiff's case, including economic damages, mitigation efforts, or emotional distress." (Dkt. 13-2 [Declaration of Aaron Gbewonyo, hereinafter "Gbewonyo Decl."] ¶ 13].) Thus, the quoted figure appears to be an inflated and arbitrary number designed to set out an initial bargaining position and anchor future negotiations. *See McIntyre v. US Airways*, 2009 WL 10672577, at *3 (C.D. Cal. Nov. 12, 2009) (recognizing that initial settlement demands are often much higher than the actual amount in controversy so that when counteroffers are presented, the parties negotiate a middle ground). And Defendants once again submit no evidence indicating that a damages award exceeding $75,000—let alone $995,000—is likely. Instead, they rely solely on the email. Given the circumstances surrounding the demand, as well as the nature of this case, there is little reason to believe

that the figure offered in March 10 email letter bears any relation to the actual amount in controversy.

Furthermore, Plaintiff has expressly disavowed  the demand explained that it is not an accurate estimation of the amount in controversy.  Courts typically find "that a plaintiff has sufficiently disavowed a settlement demand where the plaintiff states that the amount is inflated."  *See Benjamin v. WiLine Networks, Inc.*, 2018 WL 1532384, at *3 (N.D. Cal. Mar. 29, 2018).  Plaintiff has done just that.  (*See* Gbewonyo Decl. ¶ 16 [affirming that Plaintiff's counsel "advised [defense] counsel that I did not believe the true amount in controversy was Plaintiff's settlement demand" and that the demand "was meant to serve as nothing more than to determine Defendants' true interest in mediation"]).  Given this disavowal, Defendant's reliance on *Cohn v. Petsmart, Inc.* is misplaced.  *See* 281 F.3d at 840.  In that case, the Ninth Circuit held that the plaintiff's settlement letter sufficiently established the amount in controversy in part because "he made no attempt to disavow his letter or offer contrary evidence" but instead "consistently maintained that his mark is worth more than $100,000."  *See id*.  In this case, Plaintiff has done the opposite.  (Gbewonyo Decl. ¶ 16.)

In sum, the Court finds that Plaintiff's March 10 settlement demand is not a "reasonable estimate of the plaintiff's claim" and thus is not "relevant evidence of the amount in controversy."  *Cohn*, 281 F.3d at 840.  Because that demand is the only new evidence Defendants offer, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal," Defendants have once again failed to meet their burden of establishing that the Court has jurisdiction over this case.  *See Gaus*, 980 F.2d at 566.

//
//
//

**IV.  CONCLUSION**

For the following reasons, Plaintiff's motion to remand is **GRANTED**.  This action is hereby remanded to Los Angeles County Superior Court.  In light of this ruling, Plaintiff's motion to strike is **DENIED AS MOOT**.

DATED:     May 20, 2020

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE